IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 25CR50030 |
| | ) | |
| | ) | Judge Iain D. Johnston |
| | ) | |
| FRANCISCO HERNANDEZ-RAMOS | ) | |

# PLEA DECLARATION

The defendant, Francisco Hernandez-Ramos, after consultation with his attorney Andrew Hemmer of the Federal Defender Program, acknowledges and states the following:

1. Mr. Hernandez-Ramos has been charged by indictment with unlawful reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(1).

2. He has had the charge against him contained in the indictment translated from English to Spanish for him, and that charge have been fully explained to him by his attorney.

3. He fully understands the nature and elements of the crime with which he has been charged.

4. He will enter a voluntary plea of guilty to the indictment in this case.

## Factual Basis

5. Mr. Hernandez-Ramos will plead guilty because he is in fact guilty of the charge contained in the indictment. More specifically, Mr. Hernandez-Ramos admits the following facts, which together constitute a violation of 8 U.S.C. § 1326(a) and (b)(1):

(a) he was born in Mexico and remains a citizen of Mexico;

(b) he has no claim to United States citizenship or lawful residence;

(c) on April 26, 2009 and on December 6, 2019, he was removed from the

United States to Mexico, and he subsequently reentered the United States without the consent of the Attorney General or the Secretary of the Department of Homeland Security; and

(d) on August 7, 2021, he was present and found in the United States.

**Potential Penalties**

6. Mr. Hernandez-Ramos understands that the charge carries a maximum sentence of ten years' imprisonment and a maximum fine of $250,000. Mr. Hernandez-Ramos further understands that the charge carries a potential term of supervised release of not more than three years.

7. He understands that pursuant to 18 U.S.C. § 3013, he will be assessed $100 on the charge to which he will plead guilty, in addition to any other penalty imposed.

8. He understands and has discussed with defense counsel the potential immigration consequences of this plea, including that it is virtually certain that he will be removed from the United States again and that his criminal history may operate as a temporary or permanent bar to obtaining legal status in the United States in the future.

9. Mr. Hernandez-Ramos understands that the Court must consider the United States Sentencing Guidelines. He understands that the guidelines are advisory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guidelines range. Mr. Hernandez-Ramos understands that the applicable sentencing guidelines range is one factor which this Court is required to consider under 18 U.S.C. § 3553(a)(4), along with the other factors under § 3553(a).

10. Mr. Hernandez-Ramos and his attorney acknowledge that any guidelines calculations they have discussed are preliminary in nature and based on facts known to them at

the time of this plea declaration. Mr. Hernandez-Ramos understands that the probation office and the government will conduct their own investigations and that the Court ultimately will determine the facts and law relevant to sentencing, and that the Court's determinations govern the final sentencing guidelines calculations.

11. Errors in the calculation or interpretation of any of the guidelines may be corrected by Mr. Hernandez-Ramos prior to sentencing. He understands he may correct these errors or misinterpretations by submitting a statement to the probation office and/or the Court, setting forth the disagreement as to the correct guidelines and their application.

12. Mr. Hernandez-Ramos reserves the right to request a downward departure or variance on any grounds he deems appropriate. He understand that any decision to depart or vary from the applicable guidelines range is within the discretion of the Court.

**Trial Rights and Appellate Rights**

13. Mr. Hernandez-Ramos understands that by pleading guilty he waives certain rights, including the following:

(a) If Mr. Hernandez-Ramos persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. Mr. Hernandez-Ramos has a right to a jury trial. However, in order for the trial to be conducted by the judge sitting without a jury, Mr. Hernandez-Ramos, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Mr. Hernandez-Ramos and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is

shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Mr. Hernandez-Ramos is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c) If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of Mr. Hernandez-Ramos' guilt beyond a reasonable doubt.

(d) At trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against Mr. Hernandez-Ramos. Mr. Hernandez-Ramos would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, Mr. Hernandez-Ramos could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and, therefore, need not prove his innocence. If the witnesses for Mr. Hernandez-Ramos would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e) At a trial, Mr. Hernandez-Ramos would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If Mr. Hernandez-Ramos desired to do so, he could testify in his own behalf.

14. Mr. Hernandez-Ramos understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Mr. Hernandez-Ramos' attorney has explained those rights to him, and the consequence of his waiver of those rights. Mr. Hernandez-Ramos further understands that he is waiving all appellate issues that might have been available if he had

exercised his right to trial, and only may appeal the validity of this plea of guilty, the effectiveness of counsel, and the sentence.

**Limitations and Consequences of this Plea Declaration**

15. Mr. Hernandez-Ramos understands that the United States Attorney's Office will fully apprise the Court and the probation office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Hernandez-Ramos further understands that he and his attorney will be able to present evidence in mitigation at sentencing.

16. Mr. Hernandez-Ramos understands that at the time of sentencing, he and his attorney, and the government, will be free to make their respective recommendations to the Court as they believe are appropriate.

17. Should the Court refuse to accept Mr. Hernandez-Ramos' plea of guilty, this Plea Declaration shall become null and void and he will not be bound thereto. It is Mr. Hernandez-Ramos' position that, should the Court decline to accept his plea, Mr. Hernandez-Ramos withdraws his plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Additionally, pursuant to Rule 11(f) and Federal Rule of Evidence 410, this Plea Declaration and the ensuing court proceedings would be inadmissible in later court proceedings.

18. If accepted, Mr. Hernandez-Ramos agrees that this Plea Declaration shall be filed and become a part of the record of the case.

19. Mr. Hernandez-Ramos and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Hernandez-Ramos further acknowledges that this Plea Declaration has been translated from English to Spanish for him and he has carefully reviewed each provision with his attorney.

Signed this 19th day of May, 2026

F H R

Francisco Hernandez-Ramos
Defendant

FEDERAL DEFENDER PROGRAM
John F. Murphy
Executive Director

By:

Andrew Hemmer
Attorney for Francisco Hernandez-Ramos

ANDREW HEMMER
FEDERAL DEFENDER PROGRAM
401 W. State Street – Suite 800
Rockford, IL 61101
(815) 961-0800

I translated the foregoing plea declaration from English to Spanish for the defendant, Francisco Hernandez-Ramos, on 5-19-, 2026.

Amy Matejcek