UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FRANCISCO HERNANDEZ-RAMOS | No. 25 CR 50030<br><br>Judge Iain D. Johnston |

# GOVERNMENT'S SENTENCING MEMORANDUM

For the reasons stated herein, the government respectfully requests that the Court impose a sentence of 37 months' imprisonment, which is necessary and reasonable upon consideration of the relevant sentencing factors set forth in 18 U.S.C. § 3553(a).[1]

## I. Factual Background

On or about August 7, 2021, in Harvard, Illinois, defendant Francisco Hernandez-Ramos was present and found in the United States. Hernandez-Ramos was an alien who had been deported from the United States five previous times: June 1, 2005; April 26, 2009; May 1, 2009; August 27, 2016; and December 6, 2019. PSR ¶¶ 12-15. He was convicted of illegal entry under 8 U.S.C. 1325(a) in 05CR028 on April 19, 2005, and of illegal reentry under 8 U.S.C. 1326(a) on December 5, 2019. PSR ¶¶ 12, 15.

The defendant was convicted of criminal sexual assault and attempted possession of child pornography based on conduct after his most recent illegal reentry to this country. PSR ¶ 36. When the defendant was interviewed in that case, he stated he had known the victim since she was three years-old, and she was like a daughter. *Id*. The victim indicated the defendant initiated sexual contact when she was ten years-old, increased to sexual penetration when she was 14 years-old, and it was still happening when she was 17 years-old and the defendant was arrested. *Id*.

[1] The Presentence Investigation Report is cited as "PSR," followed by the applicable paragraph number.

The defendant pled guilty by plea declaration to illegal reentry by a removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(1) and 6 U.S.C. § 202(4). The defendant faces a statutory maximum of ten years' imprisonment.

## II. Sentencing Guidelines and Criminal History

### *A. Offense Level Calculations*

The government agrees with Probation's calculations (PSR ¶¶ 19-29) that result in a total offense level of 17.

### *B. Criminal History Category*

The government agrees that the defendant's criminal history points total 5 and his criminal history category is III. PSR ¶ 37.

### *C. Advisory Guidelines Range*

The government agrees with Probation's calculation of the defendant's advisory Guidelines range of 30 to 37 months' imprisonment. PSR ¶ 82.

## III. The Factors Set Forth in 18 U.S.C. § 3553(a) Warrant a Sentence of 37 Months' Imprisonment

As set out in Title 18, United States Code, Section 3553(a), the Court must consider several factors in determining the sentence, including but not limited to, the nature and circumstances of the offense, the defendant's history and characteristics, and the need for the sentence imposed to reflect the seriousness of the offense, provide adequate deterrence, protect the public, and to provide just punishment. Each of the factors is discussed below.

### *A. Nature and Circumstances of the Offense*

The defendant has repeatedly violated the sovereignty of our nation's borders, this time unlawfully re-entering the United States during the COVID-19 pandemic. This unlawful re-entry

is further aggravated by the fact that he committed sexual assault involving a minor, allegedly across multiple jurisdictions, upon his return to our country. PSR ¶¶ 36, 39.

*B. History and Characteristics of the Defendant*

The history and characteristics of the defendant should concern this court. Despite being previously removed from the United States, the defendant re-entered the country fully aware that he was doing so illegally. He has been deported five times. PSR ¶¶ 11-15. After his most recent illegal reentry to the United States, he is alleged to have continually sexually assaulted a girl who he describes as a daughter. PSR ¶¶ 36, 39. The defendant is alleged to have raped this sixteen-year-old girl three to four times a week when they lived in South Carolina. PSR ¶39. When she told him she did not want to have sex with him, he would threaten her. *Id.* He also possessed photos of her and threatened to post them on the internet if she did not do what he wanted. *Id.* These charges are pending with an outstanding arrest warrant for criminal sexual assault in the third degree from Beaufort County, South Carolina. *Id.*

In 2021, this victim moved to Harvard, Illinois. PSR ¶ 36. She started working, and the defendant would require her to call him when she went to work, during all her breaks, and when she got off work. *Id.* In August of 2021 the defendant went to her workplace and took her to a hotel room. *Id.* He raped her, took her home, and told her not to tell anyone about the hotel. *Id*. The minor spoke with a supervisor at her job and learned about sexual assault and that what was happening to her was not normal. *Id*. When the minor was interviewed by the police, she said the defendant began touching her breasts when she was only 10 years old and started sexual intercourse with her when she was only 14 years old. *Id*. The defendant was convicted of criminal sexual assault and attempted possession of child pornography in McHenry County Circuit Court case 21CF625. *Id.* Both offenses are "aggravated felonies" under 8 U.S.C. 1101(a)(43).

### C. *The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, and Protect the Public*

The Court's sentence should provide general deterrence to those who would seek to enter our country illegally. Although those who are convicted of unlawful reentry are typically removed from the United States, a significant custodial sentence for this type of offense has a strong deterrent effect. Increasingly longer prison sentences serve as a general deterrent function by deterring others from committing a similar crime. *See* Daniel S. Nagin, *Deterrence in the Twenty–First Century,* 42 Crime & Justice 199, 231 (2013) (stating that increasingly longer prison sentences can have appreciable deterrent effects when defendants face a relatively shorter sentence to begin with); Mark W. Lipsey & Francis T. Cullen, *The Effectiveness of Correctional Rehabilitation: A Review of Systematic Reviews*, 3 Ann. Rev. L. & Soc. Sci. 297, 299 (2007) (observing that the existence of a criminal justice system that threatens wrongdoers with arrest and punishment deters many to refrain from crime, when they would likely break the law if there were no risk of detection and penalty).

Imposing a short sentence encourages further violations of our nation's immigration laws, as the benefits of living and working in the United States are significant. One of the primary drivers of illegal immigration to the United States is the economic advantage of living and working in one of the richest countries in the world. The defendant admitted to being paid in cash as a roofer in South Carolina. PSR ¶ 76. A significant custodial sentence provides a strong disincentive to those who would seek to commit the same offense (and for the same reason) as the defendant.

The Court's sentence should also provide specific deterrence to this defendant. Specific deterrence is a crucial factor for the Court to consider in this case, as the defendant has repeatedly entered the country despite knowing that it was illegal to do so. The defendant's previous short

sentences for improper entry and illegal reentry have not had a deterrent effect on him. PSR ¶¶34-35. The defendant's five prior deportations have only acted as a revolving door. He has illegally entered this country six times. PSR ¶¶ 12-15. He needs to understand there should not be a seventh.

The government believes that a significant sentence is also necessary to protect the public from this defendant. As has been previously discussed, the defendant repeatedly perpetrated sexual assault against a minor to whom he was like a family member. He poses a significant risk to whatever community he resides in, whether that be in Mexico or the United States (should he unlawfully re-enter the country once again).

## IV. Other Conditions of the Defendant's Sentence

The government concurs with Probation (and Guideline § 5D1.1(c)) in recommending that this Court not impose a term of supervised release, as the defendant will be deported upon completion of any prison sentence imposed. PSR ¶ 88.

## Conclusion

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of 37 months' imprisonment, with no period of supervised release to follow.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: /s *David Smith*
David Smith
Assistant United States Attorney
327 S. Church Street, Suite 3300
Rockford, Illinois 61101
(815) 987-4458

## CERTIFICATE OF FILING AND SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S SENTENCING MEMORANDUM**

was served on September 28, 2026, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ *David Smith*
David Smith
Assistant United States Attorney
327 S Church Street, Suite 3300
Rockford, IL 61101
(815) 987-4458